## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETER BORITZ,

    Plaintiff,

      v.

UNITED STATES OF AMERICA

and

INTERNAL REVENUE SERVICE,

    Defendants.

Civil Action No. 09-542 (CKK)

## MEMORANDUM OPINION
### (February 23, 2010)

*Pro se* Plaintiff Peter Boritz brings this action against the United States and the Internal Revenue Service ("IRS," collectively with the United States, "Defendants")[1] regarding allegedly unlawful tax collection and assessment activity. Plaintiff complains that Defendants have wrongfully held him liable for certain unpaid tax liabilities for tax years 1994 and 1995 and have issued a procedurally improper Notice of Federal Tax Lien and Notice of Levy on his property. He primarily seeks relief pursuant to the Taxpayer Bill of Rights, 26 U.S.C. §§ 7432 and 7433, which permit a taxpayer to bring a suit for damages against the United States for failure to release a lien and for certain unauthorized collection actions, respectively. In addition, Plaintiff asserts a claim for declaratory and injunctive relief pursuant to the Administrative Procedures Act, ("APA"), 5 U.S.C. § 706, and seeks to quiet title to the property

---

[1] As discussed below, the Court grants Defendants' motion to dismiss the IRS as a defendant in this action. The Court nevertheless refers to the United States and the IRS collectively as "Defendants" in this opinion, so as to be consistent with the parties' filings.

that is the subject of the Notice of Federal Tax Lien and the Notice of Levy pursuant to 28 U.S.C. § 2410.

Currently pending before the Court is Defendants' [7] Motion to Dismiss or in the Alternative Motion for Summary Judgment.  Defendants argue that the United States is the only proper defendant in this action and that Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) or alternatively that Defendants should be granted summary judgment pursuant to Federal Rule of Civil Procedure 56.  Upon consideration of Defendants' motion and the parties' responsive briefings as well as attachments thereto, as may be appropriate, the relevant case law and statutory authority, and the record of this case as a whole, the Court GRANTS Defendants' [7] Motion to Dismiss or in the Alternative Motion for Summary Judgment, for the reasons set forth below.

Specifically, the Court holds as follows.  First, Defendants' Motion to Dismiss Plaintiff's claims against the IRS is GRANTED as conceded.  Second, Defendants' Motion to Dismiss Count I (quiet title action pursuant to 28 U.S.C. § 2410) and Count IX (APA) for lack of jurisdiction pursuant to Rule 12(b)(1) is GRANTED.  Third, Defendants' Motion to Dismiss Count II (failure to issue notice of deficiency in violation of §§ 6212 and 6213), Count III (failure to make assessment in violation of § 6203), Count IV (failure to make assessment in violation of  § 6303), Count V (failure to release lien in violation of § 7342), Count VII (unauthorized disclosure in violation of § 6103(b)(6)), and Count VIII (failure to issue certificate of release in violation of § 6325), for failure to state a claim pursuant to Rule 12(b)(6) is GRANTED.  Fourth and finally, Defendants' Motion for Summary Judgment as to Count VI (failure to issue notice of levy in violation of § 6331(d)) is GRANTED.

## I. BACKGROUND

Plaintiff filed his Complaint on March 19, 2009. Plaintiff's Complaint represents one of dozens of lawsuits brought in this jurisdiction by tax protestors — allegedly proceeding *pro se* — asserting a variety of forms of misconduct by the IRS. *See Pollinger v. United States*, 539 F. Supp. 2d 242, 245 & n. 3 (D.D.C. 2008) (citing cases). Unlike the majority of the complaints in those other actions, however, Plaintiff's Complaint includes at least some particularized facts specifically pertaining to Plaintiff Peter Boritz. *See generally* Compl.

Although the allegations contained in Plaintiff's Complaint are somewhat nebulous in nature, Plaintiff appears to primarily complain about a Notice of Levy and a Notice of Federal Tax Lien issued by the IRS for the tax years 2004 and 2005. The former was issued on November 9, 2007, by the IRS against Plaintiff's bank account in the amount of $12,558.73 for tax years 1994 and 1995. *Id.* ¶ 8 & Ex. D (IRS Notice of Levy). The latter was filed shortly thereafter on November 13, 2007, with the County Auditor in King County, Washington in the amount of $21,485.89 for the tax years 1994 and 1995. *Id.* ¶ 9 & Ex. C (IRS Notice of Federal Tax Lien).

Plaintiff now seeks to challenge the validity of both the Notice of Levy and Notice of Federal Tax Lien. At heart, Plaintiff disputes the underlying tax assessment issued against him for tax years 1994 and 1995, alleging that he "is the sole owner of his physical and mental labor" and that he "does NOT owe the UNITED STATES, or any employees working on its behalf, the fruit of his labor property." *Id.* ¶¶ 2, 6 (emphasis in original). Plaintiff further claims that he has "filed all returns required to be filed for tax years 1994 and 1995 and fully satisfied and paid all *income* taxes Plaintiff was made liable for and required to pay regarding

the years in dispute." *Id.* ¶ 7 (emphasis in original).

Despite Plaintiff's unequivocal denial of any substantive liability for tax years 1994 and 1995 and his clear attack on the validity of the underlying tax assessments, Plaintiff has — in an apparent effort to avoid many of the same pitfalls that have befallen previous tax protester lawsuits — attempted to frame his lawsuit as asserting only procedural, rather than substantive, challenges to the Notice of Levy and Notice of Federal Tax Lien.  Specifically, Plaintiff asserts the following nine causes of action in his Complaint:

- Count I: seeks to quiet title to the property that is the subject of the Notice of Levy and Notice of Federal Tax Lien pursuant to 28 U.S.C. § 2410;

- Count II: alleges a claim for monetary damages pursuant to 26 U.S.C. § 7433 based upon Defendants' alleged failure to send a notice of deficiency to Plaintiff's last known address prior to issuance of the Notice of Levy in violation of 26 U.S.C. §§ 6212(a) and 6213(a);

- Count III: alleges a claim for monetary damages pursuant to 26 U.S.C. § 7433 based upon Defendants' alleged failure to make a timely assessment in violation of 26 U.S.C. § 6203;

- Count IV: alleges a claim for monetary damages pursuant to 26 § U.S.C. § 7433 based upon Defendants' alleged failure to provide a timely notice of assessment in violation of 26 U.S.C. § 6303;

- Count V: alleges a claim for monetary damages pursuant to 26 U.S.C. § 7432 based upon Defendants' alleged failure to release the Notice of Federal Tax Lien in violation of 26 U.S.C. § 6325(a)(1);

- Count VI: alleges a claim for monetary damages pursuant to 26 U.S.C. § 7433 based upon Defendants' alleged failure to serve him with a notice of levy in violation of 26 U.S.C. § 6331(d)(2);

- Count VII: alleges a claim for monetary damages pursuant to 26 U.S.C. § 7433 based upon Defendants' allegedly unauthorized public disclosure of his social security number on the Notice of Federal Tax Lien in violation of 26 U.S.C. § 6103(b)(6);

- Count VIII: alleges a claim for monetary damages pursuant to 26 U.S.C. § 7433

based upon Defendants' alleged failure to issue a certificate of release with respect to the Notice of Federal Tax Lien in violation of 26 U.S.C. § 6325(a)(1); and

- <u>Count IX</u>: alleges that Defendants acted in excess of their statutory authority and seeks non-monetary declaratory and injunctive relief pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(2).

*See generally* Compl.

As set forth in his Complaint, Plaintiff states that he previously submitted an administrative claim with the IRS and filed this lawsuit only after exhausting his administrative remedies. *See id.* ¶¶ 11-13 & Ex. A. Now before the Court is Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment. *See* Defs.' Mot., Docket No. [7]. Plaintiff has filed his opposition to Defendants' Motion, *see* Pl.'s Opp'n, Docket No. [10], and Defendants have filed their reply, *see* Defs.' Reply, Docket No. [11]. Briefing on Defendants' Motion is therefore complete and the issues are ripe for the Court's resolution.

## II. LEGAL STANDARDS

Defendants have moved for dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) and have also moved in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. Insofar as Defendants have moved for dismissal of certain claims under Rule 12(b)(1), the Court may consider a complaint "supplemented by undisputed facts evidenced in the record or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)). To the extent, however, that Defendants have moved to dismissed certain claims for failure to state a claim under Rule 12(b)(6), the Court is

limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record.  *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

In this case, Defendants have attached five exhibits to their motion — namely, the June 10, 1998 Order and Decision of the United States Tax Court in *Boritz v. Commissioner of Internal Revenue* and four Certificates of Official Record (Form 3430) relating to Plaintiff concerning tax years 1994 and 1995.  *See* Defs.' Mot. at Exs. A-E.  All of the attached exhibits may be appropriately considered by the Court for purposes of Defendants' Motion to Dismiss brought under Rule 12(b)(1).  In addition, while the June 10, 1998 Order and Decision is a matter of public record and therefore may be considered by the Court in ruling on Defendants' Motion to Dismiss under Rule 12(b)(6), the Certificates of Official Record are not incorporated in or referenced by the Complaint and are therefore arguably outside the scope of the pleadings in this matter; as such, they may not be considered in evaluating Defendants' Motion to Dismiss brought under Rule 12(b)(6).  Accordingly, to the extent the parties have relied upon those materials in moving for dismissal of Plaintiff's claims, the Court must construe Defendants' motion as a Motion for Summary Judgment pursuant to Rule 56.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").[2]

_____

[2] The Court notes that Plaintiff was given notice that Defendants' motion may be treated as a motion for summary judgment under Rule 56 and that in opposing such a motion, he "may

Here, Defendants have moved to dismiss Plaintiff's claims against the IRS as well as Counts I (quiet title action pursuant to 28 U.S.C. § 2410) and IX (APA) of his Complaint for lack of jurisdiction under Rule 12(b)(1). As such, the Court may consider all attached exhibits in evaluating Defendants' Motion to Dismiss these claims pursuant to Rule 12(b)(1). With respect to the remaining claims, however, Defendants have moved to dismiss for failure to state a claim, or in the alternative, for summary judgment; accordingly, to the extent the parties rely upon and the Court does not exclude from consideration the Certificates of Official Record, the motion must be construed as a motion for summary judgment. In this case, the parties have relied upon and the Court does not exclude from consideration the Certificates in resolving Defendants' motion only with respect to Count VI (failure to issue notice of levy in violation of § 6331(d)). As such, the Court must construe Defendants' motion as to Count VI as a Motion for Summary Judgment pursuant to Rule 56. With respect to the remaining counts, however, the Court finds that the attached Certificates of Official Record are neither relied upon by the parties nor relevant to resolution of Defendants' motion. The Court therefore treats Defendants' motion on these counts — namely, Counts II (failure to issue notice of deficiency in violation of §§ 6212 and 6213), III (failure to make assessment in violation of § 6203), IV (failure to make assessment in violation of § 6303), V (failure to release lien in violation of § 7342), VII (unauthorized disclosure in violation of § 6103(b)(6)), and VIII (failure to issue certificate of release in violation of § 6325) — as a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6).

---

not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *See* Aug. 22, 2009 Order, Docket No. [8].

With this framework in place, the Court shall set forth the applicable legal standards relating to Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), or in the alternative, Motion for Summary Judgment pursuant to Rule 56.

      *A.*     *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)*

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). As indicated above, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion*, 333 F.3d at 198 (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

B.      *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)); accord *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  Although "detailed

factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide

the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and

conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id.* at 1964-65;

*see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Instead, a complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing

*Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court

must construe the complaint in a light most favorable to the plaintiff and must accept as true all

reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine*

*Workers of Am. Employee Benefit Plans Litig.*, 854 F.Supp. 914, 915 (D.D.C. 1994); *see also*

*Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally

construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be

derived from the facts alleged.").  However, as the Supreme Court recently made clear, a

9

plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 1950.

      C.     *Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56*

Pursuant to Federal Rule of Civil Procedure 56, a party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Under the summary judgment standard, the moving party bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted).

Although a court should draw all inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is insufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To be material, the factual assertion must be capable of affecting the substantive outcome of the

litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987); *Liberty Lobby*, 477 U.S. at 251 (the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted). "Mere allegations or denials in the adverse party's pleadings are insufficient to defeat an otherwise proper motion for summary judgment." *Williams v. Callaghan*, 938 F. Supp. 46, 49 (D.D.C. 1996). The adverse party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, while the movant bears the initial responsibility of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

### III.  LEGAL DISCUSSION

A.      *Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1)*

The Court turns first to consider Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), which is directed towards Plaintiff's claims against the IRS as well as Count I (quiet title action pursuant to 28 U.S.C. § 2410) and Count IX (APA) of Plaintiff's Complaint.

1.    Plaintiff's Claims Against Defendant IRS

As indicated above, Plaintiff has named as Defendants in this action both the United States and the IRS.  Defendants contend that the United States is the only proper defendant in this action and have therefore moved to dismiss Plaintiff's claims against the IRS for lack of jurisdiction.  Although Plaintiff filed an opposition to Defendants' motion, he failed to address Defendants' specific argument that the IRS must be dismissed as a defendant in this case.  *See generally* Pl.'s Opp'n.  "It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd* 98 Fed. Appx. 8 (D.C. Cir. 2004); *see also Franklin v. Potter,* 600 F. Supp. 2d 38, 60 (D.D.C. 2009) (treating defendant's argument in motion for summary judgment as conceded where plaintiff failed to address it in his response).  The Court previously advised Plaintiff that his failure to respond to the Defendants' motion may result in the Court treating the motion as conceded.  *See* 8/22/09 Order, Docket No. [8].  Accordingly, because Plaintiff had the opportunity to respond to the Defendants' argument but did not do so, the Court shall construe his failure as a concession with respect to Defendants' request to dismiss the IRS as a defendant in this action.  *See Hopkins,* 284 F. Supp. 2d at 25.  Defendants' Motion to Dismiss shall therefore be GRANTED as CONCEDED insofar as Defendants move to dismiss Plaintiff's claims against the IRS.[3]

---

[3] Alternatively, the Court notes that Plaintiff's claims for monetary damages under sections 7432(a) and 7433(a) against the IRS would nonetheless fail because suits for civil damages for wrongful tax collection activity and for failure to release a lien may be brought, if at all, against the "United States."  *See* 26 U.S.C. § 7432(a); *id.* § 7433(a).  Similarly, Plaintiff's

2.       Count I of Plaintiff's Complaint

Count I of Plaintiff's Complaint purports to bring a quiet title action pursuant to 28

U.S.C. § 2410, which provides that the "United States may be named a party in any civil action

or suit in any district court . . . having jurisdiction of the subject matter . . . to quiet title to . . .

real or personal property on which the United States has or claims a mortgage or other lien."  28

U.S.C. § 2410(a)(1).  Defendants argue that, although Plaintiff has attempted to frame his claim

as challenging only the procedural deficiencies of the lien and levy at issue, it is apparent that

Plaintiff is in fact attempting to use section 2410 as a means to challenge the validity of the

underlying tax assessments and the Court therefore lacks jurisdiction to entertain his claim.

Defs.' Mot. at 5; Defs.' Reply at 2-3.  The Court agrees.

"It is elementary that the United States, as sovereign, is immune from suit save as it

consents to be sued, and the terms of its consent to be sued in any court define that court's

jurisdiction to entertain that suit."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation

omitted).  Moreover, "a waiver of sovereign immunity 'cannot be implied but must be

unequivocally expressed.'"  *Id.* (citing *United States v. King*, 395 U.S. 1, 4 (1969)).  Plaintiff

argues that section 2410 acts as a waiver of sovereign immunity for his quiet title claim.

*See* Pl.'s Opp'n at 5-8.[4]  Plaintiff, however, is incorrect.  Section 2410 "constitutes a waiver of

_____

claims for declaratory and injunctive relief against the IRS would fail as "Congress has preserved
the immunity of the United States from declaratory and injunctive relief with respect to all tax
controversies except those pertaining to the classification of organizations under § 501(c) of the
IRC.  As an agency of the Government, of course, the IRS shares that immunity."  *Murphy v.
IRS*, 493 F.3d 170, 174 (D.C. Cir. 2007) (internal citations omitted).

[4] Although Plaintiff argues in his briefing that section 2410 acts as the relevant waiver of
sovereign immunity in this case, Plaintiff's Complaint actually cites 28 U.S.C. § 1367 as
jurisdictional grounds for his quiet title claim.  *See* Compl. ¶ 16.  Section 1367, however, does
not save Plaintiff's claim.  That section provides only that "in any civil action of which the

sovereign immunity to a suit brought by a taxpayer against the United States which challenges

the validity of a federal tax lien . . . [but only] ***so long as the taxpayer refrains from contesting***

***the merits of the underlying tax assessment itself*****.**"  *Aqua Bar & Lounge v. U.S. Dep't of*

*Treasury*, 539 F.2d 935, 939-40 (3d Cir. 1976) (emphasis added); *see also Pollinger*, 539 F.

Supp. 2d at 251.  Indeed, "[t]he principle that a taxpayer cannot use section 2410(a) to

challenge the extent of, or existence of, substantive tax liability is well-settled."  *Robinson v.*

*United States*, 920 F.2d 1157, 1161 (3d Cir. 1990).  Despite Plaintiff's efforts to characterize

his quiet title action as challenging only certain alleged procedural deficiencies, it is abundantly

clear that his arguments regarding such alleged errors are premised upon his substantive

challenge to the merits and validity of the tax assessment underlying the Notice of Federal Tax

Lien and Notice of Levy issued.  *See* Compl.¶ 7 (alleging that he "filed all returns required to be

filed for tax years 1994 and 1995 and fully satisfied and paid all income taxes Plaintiff was

made liable for and required to pay regarding the years in dispute"); *see also id.* ¶¶ 2-6.  His

principal concern is with the assessments — not with the actual tax liens.  At heart, he alleges

that the Notice of Federal Tax Lien and Notice of Levy are procedurally deficient ***only*** because

he does not owe the claimed underlying taxes and/or no assessment ever took place, such that

---

district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Section 1367 does not constitute a waiver of sovereign immunity by the United States.  *See* 28 U.S.C. § 1367; *see also San Juan Co., Utah v. United States*, 503 F.3d 1163, 1181 (10th Cir. 2007) ("Section 1367(a) is expressed in general terms, applying to all litigants. There is no mention of sovereign immunity or of the special status of the government as a litigant. Under settled law, . . . this statute does not waive federal sovereign immunity."); *Dunn & Black v. United States*, 492 F.3d 1084, 1088 n. 3 (9th Cir. 2007) (same); *United States v. Certain Land Situated in City of Detroit*, 361 F.3d 305, 307 (6th Cir. 2004) (same).

"Defendants have no estate, title, claim, lien, or superior claim in the Plaintiff's personal property or any portion thereof." *Id.* ¶ 26. Accordingly, as Plaintiff has not "refrain[ed] from contesting the merits of the underlying tax assessment itself," this Court lacks jurisdiction over his quiet title action. Defendants' Motion to Dismiss is therefore GRANTED insofar as Defendants seek dismissal of Count I of Plaintiff's Complaint for lack of jurisdiction pursuant to Rule 12(b)(1).

### 3.     Count IX of Plaintiff's Complaint

In Count IX of the Complaint, Plaintiff alleges that Defendants acted in excess of their statutory authority and seeks non-monetary declaratory and injunctive relief pursuant to the section 706(2) of the APA. Compl. ¶¶ 58-64. As Defendants correctly point out, however, Plaintiff cannot pursue a claim for declaratory or injunctive relief under the APA based upon alleged wrongful tax assessment or collection actions. First, to the extent Plaintiff seeks injunctive relief, his claim is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which is part of the Tax Code and which "withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5 (1962); *see also Ross v. United States*, 460 F. Supp. 2d 139, 149 (D.D.C. 2006) (finding plaintiff's claim for injunctive relief under the APA barred by the Anti-Injunction Act where claim based on assessment or collection of taxes). Although the Supreme Court has recognized a limited exception to this rule, Plaintiff has not shown that the exception applies in this case. In *Enochs*, the Supreme Court held that the a suit for injunction may be maintained "[o]nly if it is [] apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim . . . . Otherwise, the District

Court is without jurisdiction, and the complaint must be dismissed." 370 U.S. at 7.  As is self-evident from the Court's rulings herein granting Defendants' motion, it is clear that the limited exception recognized in *Enochs* is inapplicable to the case at hand.

Second, Plaintiff's claim for declaratory relief is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201, which authorizes a court of the United States to "declare the rights and other legal relations of any interested party," but expressly excludes cases "with respect to Federal taxes," subject to one exception not applicable here.  *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 732-33 n. 7 (1974) ("The congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments. . . .[T]he federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act."); *see also McGuirl v. United States*, 360 F. Supp. 2d 129, 132 (D.D.C. 2004) (finding Plaintiff's claim under the APA for declaratory relief based upon the assessment or collection of taxes was barred by Declaratory Judgment Act), *aff'd*, 167 Fed. Appx. 808 (D.C. Cir. 2005). For these reasons, the D.C. Circuit has made clear that "Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies except those pertaining to the classification of organizations under § 501(c) of the IRC." *Murphy v. IRS*, 493 F.3d 170, 174 (D.C. Cir. 2007) ("Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies except those pertaining to the classification of organizations under § 501(c) of the [IRC]."). Accordingly, Defendants' Motion to Dismiss is GRANTED insofar as Defendants move to dismiss Count IX of Plaintiff's Complaint for lack of jurisdiction pursuant to Rule 12(b)(1).

B.      *Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)*

The Court turns next to consider Defendants' Motion to Dismiss for failure to state a

claim pursuant to Rule 12(b)(6), which as construed by the Court is directed towards Count II,

which alleges a failure to issue a notice of deficiency; Counts III and IV, which allege a failure

to assess taxes and provide assessment notices; Count V and VIII, which allege a failure to

release a lien and to issue a certificate of release; and Count VII, which alleges unauthorized

disclosure of Plaintiff's social security number.

1.      Count II of Plaintiff's Complaint

Count II of Plaintiff's Complaint alleges that Defendants failed to send a notice of

deficiency to Plaintiff's last known address before issuing the Notice of Levy thereby violating

26 U.S.C. §§ 6212(a) and 6213(a).  Plaintiff seeks damages pursuant to section 7433 based

upon this alleged violation.  Compl. ¶¶ 28-31.  Section 6212(a) "authorize[s]" the IRS, upon

determining the existence of a tax deficiency, "to send notice of such deficiency to the taxpayer

by certified mail or registered mail."  26 U.S.C. § 6212(a).  Such notice "shall be sufficient," "if

mailed to the taxpayer at his last known address . . . even if such taxpayer is deceased or under a

legal disability."  *Id.* § 6212(b).  The taxpayer has 90 days after the notice is mailed in which to

"file a petition with the Tax Court for a redetermination of the deficiency."  *Id.* § 6213(b).

Pursuant to section 6213(a), the IRS is precluded from imposing any "assessment of a

deficiency" or from making any "levy or proceeding in court for its collection" until the "notice

[of deficiency] has been mailed to the taxpayer, []or until the expiration of [the] 90-day . . .

period, . . . []or, if a petition has been filed with the Tax Court, until the decision of the Tax

Court has become final."  *Id.*

17

"The purpose of a notice of deficiency is, first, to notify the taxpayer that a deficiency has been determined against him, and second, to afford him an opportunity to challenge the determination in tax court." *Kiley v. Kurtz*, 533 F. Supp. 465, 467-68 (D. Colo. 1982) (citing *Barnes v. Commissioner of Internal Revenue*, 408 F.2d 65, 68 (7th Cir. 1969)). As the Ninth Circuit has observed,

> Reading the interrelated sections of the Code as an integrated whole, it is apparent that the legislative plan contemplates that actual notice of the deficiency should be given where such can reasonably be achieved and that the mailing authorized by § 6212(a) is a means to that end.

*Clodfelter v. Commissioner of Internal Revenue*, 527 F.2d 754, 756 (9th Cir. 1975). The key, then, "is that the taxpayer have actual notice and not that he have it in any particular way." *Id.* at 757; *see also Borgman v. Commissioner of Internal Revenue*, 888 F.2d 916, 917 (1st Cir. 1989) ("The purpose of section[] 6212(a) . . . is to ensure that the taxpayer receives a timely actual notice so he can challenge the assessment within the 90-day period provided in section 6213."). Accordingly, "[w]here the taxpayer receives actual notice of the contents of the deficiency notice, the purpose of the statute is satisfied." *Gibson v. United States*, 761 F. Supp. 685, 690 (C.D. Cal 1991).

Plaintiff in this case alleges that he did not receive the required notice of deficiency prior to the issuance of the Notice of Levy and argues that Defendants are therefore in violation of sections 6212(a) and 6213(a). *See* Pl.'s Opp'n, Att. 1 (Affidavit of Peter Boritz) (hereinafter, "Boritz Aff."), ¶ 7. Defendants respond that — even accepting Plaintiff's allegation as true — Plaintiff's claim must nonetheless be dismissed because public records demonstrate that he filed a timely petition with the Tax Court regarding the determination of tax deficiencies in the years at issue and therefore clearly received actual notice of the deficiencies. *See* Defs.' Mot. at

5-6 & Ex. A (Order and Decision dated June 10, 1998, in *Boritz v. Commissioner of Internal Revenue*, No. 17664-97) (hereinafter, "Tax Court Order").[5]  The Court agrees.

Plaintiff concedes that he filed a petition in Tax Court for tax years 1994 and 1995, but argues that he did so "without said notices, based on other letters and notices received from the IRS alleging the assessment of penalties."  Pl.'s Opp'n at 8.  Even assuming, as Plaintiff apparently asserts, that none of the "letters and notices" he received from the IRS constituted the required notice of deficiency, this does not negate that Plaintiff had actual notice of the deficiencies and filed a timely petition in Tax Court for the tax years in question.  As the IRS' mailings and notices "result[ed] in actual notice without prejudicial delay (as was clearly the case here)," the Court finds that the IRS has "[met] the conditions of § 6212(a)."  *Clodfelter*, 527 F.2d at 757.  Moreover, "[b]y timely invoking Tax Court jurisdiction, [Plaintiff] effectively waived any objection to the notice of deficiency."  *Mulvania v. Commissioner of Internal Revenue*, 769 F.2d 1376, 1380 (9th Cir. 1985); *see also Roszkos v. Commissioner of Internal Revenue*, 850 F.2d 514, (9th Cir. 1988) (where the "taxpayer acknowledges notice by timely petitioning the Tax Court for a redetermination of deficiency," he "render[s] harmless the IRS' error"); *cf. Kiley*, 533 F. Supp at 468 ("In the present case, the plaintiff acknowledges that he actually received his notice of deficiency and he does not allege any detrimental delay.  His challenge to the notice of deficiency is therefore without merit.").  Accordingly, Defendants' Motion to Dismiss is GRANTED insofar as Defendants assert that Count II of Plaintiff's Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

---

[5] As shown by the Tax Court Order, Plaintiff was held to have outstanding tax deficiencies for the years in question.  *See* Tax Court Order.

2.      Count III and Count IV of Plaintiff's Complaint

Counts III and IV of Plaintiff's Complaint seek damages pursuant to 26 U.S.C. § 7433

for the IRS' alleged failure to assess taxes and provide assessment notices.  Specifically,

Plaintiff alleges in Count III of the Complaint that Defendants violated 26 U.S.C. § 6203 by

issuing the Notice of Federal Tax Lien and the Notice of Levy without first making an

assessment regarding Plaintiff's tax liabilities for years 1994 and 1995.  Compl. ¶¶ 32-35.  In

Count IV of the Complaint, Plaintiff alleges that Defendants failed to give him notice within 60

days after any alleged assessment as is required by 26 U.S.C. § 6303(a).  *Id.* ¶¶ 36-39.

Both claims therefore relate to the IRS' assessment of tax liability.  As such, the claims

are not actionable under section 7433 and must be dismissed for failure to state a claim.  As

noted above, Section 7433(a) authorizes taxpayers to bring actions for civil damages against the

United States when any IRS officer or employee recklessly, intentionally, or negligently acts in

disregard of the Code or its implementing regulations "in connection with any *collection* of

Federal tax."  26 U.S.C. § 7433(a) (emphasis added).  As this Court has previously held, section

7433 is limited to alleged violations of law by the IRS in connection with tax **collection** and

"'does not provide a cause of action for wrongful tax assessment or other actions that are not

specifically related to the collection of income tax.'"  *Pollinger*, 539 F. Supp. 2d 242 at 255-56

(quoting *Buaiz v. United States*, 471 F. Supp. 2d 129, 135-36 (D.D.C. 2007)); *see also Jaeger v.*

*United States*, 524 F. Supp. 2d 60, 63-64 (D.D.C. 2007) (holding that "section 7433 does not

provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other

actions not related to collection of income tax"); *Spahr v. United States*, 501 F. Supp. 2d 92, 95

(D.D.C. 2007) (same).[6]  The Court's holding in *Pollinger* applies equally here and mandates the

dismissal of Plaintiff's claims in Count III and Count IV arising from the IRS' alleged failure to

make an assessment in compliance with 26 U.S.C. §§ 6203, 6303.  While Defendants

themselves have not specifically challenged the viability of Plaintiff's claims on this point,

instead addressing the merits of Plaintiff's claims, it is well settled in this Circuit that

"[c]omplaints may [] be dismissed, *sua sponte* if need be, under Rule 12(b)(6) whenever 'the

plaintiff cannot possibly win relief.'"  *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (quoting

*Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per

curiam)).  Accordingly, because it is patently obvious that Plaintiff's claims relating to the

alleged errors in the assessment of taxes "cannot possibly win relief," the Court concludes that

Count III and Count IV must be dismissed *sua sponte* for failure to state a claim under Rule

12(b)(6).  Defendants' Motion to Dismiss is therefore GRANTED insofar as Defendants have

moved to dismiss Counts III and IV, albeit on the alternative reasoning that Plaintiff has failed

to state a claim under section 7433.[7]

---

[6] While some courts have held that the limitations on the right of action under section 7433 are jurisdictional because they pertain to the scope of the United States' waiver of sovereign immunity, *see, e.g., Buaiz*, 471 F. Supp. 2d at 135-36; *Spahr*, 501 F. Supp. 2d at 96, this Court finds persuasive the reasoning set forth by Judge John D. Bates in *Jaegar* concluding that "the limitations on the right of action are nonjurisdictional because the language of section 7433 is not jurisdictional, and, furthermore, this Circuit treats the lack of a right of action as an issue of failure to state a claim upon which relief can be granted, *id.* 524 F. Supp. 2d at 64 n.1 (internal citations omitted).  *See also Pollinger*, 539 F. Supp. 2d at 256 (dismissing claims relating to tax assessment under Rule 12(b)(6) for failure to state a claim).

[7] Alternatively, the Court notes that Defendants would be entitled to summary judgment as the undisputed facts demonstrate that assessments were timely made and that notice was sent to Plaintiff as required.  Defendants submit the Certificates of Official Record (Form 4340), regarding Plaintiff's tax liability in the tax years 1994 and 1995, which demonstrate that assessments were made, and that notice and demand in accordance with section 6303 was given, on November 16, 1998, December 18, 1998, and December 21, 1998, thus satisfying sections

3.     Count V and Count VIII of Plaintiff's Complaint

In Count V and Count VIII of the Complaint, Plaintiff alleges that Defendants have failed to release the Notice of Federal Tax Lien and issue a certificate of release as required by 26 U.S.C. § 6325(a)(1).  Plaintiff seeks monetary damages for this failure under 26 U.S.C. §§ 7432 and 7433, respectively.  Compl. ¶¶ 40-43, 53-57.  Section 6325 provides that "the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which . . . [t]he Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable."  26 U.S.C. § 6325(a)(1).

In this case, the parties agree that the Notice of Federal Tax Lien is now unenforceable because the ten-year limitation periods for collection of the underlying tax assessment have expired.  *See* Compl. ¶ 56; Defs.' Mot. at 9 ("the liens have not been refiled and are considered released").  This is confirmed by reference to the Notice of Federal Tax Lien, which is attached as an exhibit to Plaintiff's Complaint and which states as follows:

> IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

*Id.*, Ex. C.  There is no allegation by Plaintiff that the liens have been refiled; indeed, Plaintiff

---

6203 and 6303.  *See* Defs.' Mot. at Exs. B, C, D, and E.  While Plaintiff contends that the Certificates of Official Record are insufficient to support an award of summary judgment without providing the underlying supporting documentation, the case law makes clear that the certified Form 4340s "are self-authenticating and need no extrinsic evidentiary support as a predicate to admissibility."  *Buaiz*, 521 F. Supp. 2d at 96.  As such, they are "presumptive proof of the taxpayer's liability" and "may provide a sufficient basis for summary judgment."  *Id.*  Plaintiff has offered no facts or documentary evidence to refute the accuracy of the certified forms, and he has therefore failed to defeat the Defendants' motion for summary judgment.

alleges that the liens are now unenforceable (*i.e.,* that no enforceable lien was refiled).  *See id.* ¶¶ 54-56.  Accordingly, the Notice of Federal Tax Lien itself operated as the certificate of release required under section 6325(a) and automatically released the tax liens at issue when no notice of lien was refiled by the dates listed in column (e).  *See Rotte v. United States*, 615 F. Supp. 2d 1347, 1351 (S.D. Fla. 2009) (finding that IRS "complied with section 7432 because the notice of federal tax lien was self-releasing); *cf. Enax v. United States*, Civ. Act. No. 06-14774, 2007 WL 708976, *450 (11th Cir. Mar. 8, 2007) (observing that "[a]t the end of the limitations period, the liens self-release unless the IRS had revoked the self-release and re-filed the liens before the limitations period expired"); *Eastman v. United States*, Civ. Act. No. 06cv1069, 2008 WL 899252, *2 (W.D. Ark. Mar. 31, 2008) ("[T]he 10 year collection statute of limitations on these assessments expired and the lien documents self released. The IRS did not refile its notice of lien . . . [t]herefore, . . . the Notice of Federal Tax Lien became the § 6325(a) certificate of release of these liens.").  As such, Plaintiff cannot succeed on his claims that Defendants violated section 6325 by failing to release the Notice of Federal Tax Lien and/or by failing to issue a certificate of release.  Defendants' Motion to Dismiss is therefore GRANTED insofar as Defendants move to dismiss Counts V and VIII of Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6).

### 4.    Count VII of Plaintiff's Complaint

In Count VII of the Complaint, Plaintiff seeks damages under 26 U.S.C. § 7433 based upon Defendants' allegedly unauthorized public disclosure of his social security number on the Notice of Federal Tax Lien in violation of 26 U.S.C. § 6103(b)(6).  Compl. ¶¶ 48-52.  Section 6103 states the general rule that return information shall be kept confidential and, except as

authorized, shall not be disclosed.  26 U.S.C. § 6103; *Church of Scientology of Calif. v. IRS*, 484 U.S. 9, 10-12 (1987).  One of the exceptions to section 6103, however, permits disclosure of return information "in connection with . . . collection activity . . . to the extent that such disclosure is necessary in obtaining information . . . with respect to the enforcement of any other provision of [the Code]."  26 U.S.C. § 6103(k)(6).  The implementing regulations for section 6103 further provide that disclosure may be made in order "to locate assets in which the taxpayer has an interest . . . or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens against such assets, or levy, seizure, or sale on or of the assets to satisfy any such liability."  26 C.F.R. § 301.6103(k)(6)-1(vi); *see also Glass v. United States*, 480 F. Supp. 2d 162, 165-66 (D.D.C. 2007).

Based on section 6103(k)(6) and the related regulations, several courts, including the undersigned Judge, have concluded that a notice of lien does not give rise to an unauthorized disclosure action.  *See, e.g., Pollinger*, 539 F. Supp. 2d at 253 ("Plaintiff cannot state an unauthorized disclosure claim based upon the various notices of liens and levies."); *see also Glass*, 480 F. Supp. 2d at 165-66 (finding that "a notice of lien does not give rise to a cause of action"); *Mann v. United States*, 204 F.3d 1012, 1018 (10th Cir. 2000) (dismissing plaintiff's claim for unauthorized disclosure of social security number in notice of lien because "§ 6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien and levy, to the extent necessary to collect on taxes assessed."); *McGraw v. United States*, Civ. Act. No. 08-0092, 2008 WL 4000570, *3 (W.D. Wash. Aug. 25, 2008) (dismissing plaintiff's claim that IRS violated section 6103(k) by disclosing plaintiff's social security number in the notices of federal tax liens and levies because disclosure was

24

permitted under implementing regulations).  Accordingly, the Court finds that Plaintiff cannot state an unauthorized disclosure claim based upon the Notice of Federal Tax Lien.  Defendants' Motion to Dismiss is therefore GRANTED insofar as Defendants move to dismiss Count VII of Plaintiff's Complaint for failure to state a claim.

        C.      *Defendants' Motion for Summary Judgment*

The Court finally turns to consider Defendants' motion for summary judgment, which as construed by the Court is directed towards Plaintiff's final claim — Count VI, in which Plaintiff alleges that Defendants failed to serve him with a notice of levy, as required by 26 U.S.C. § 6331(d)(2).  Plaintiff seeks civil damages for this alleged failure pursuant to 26 U.S.C. § 7433.  Compl. ¶¶ 44-47.  Given the somewhat obscure nature of Plaintiff's Complaint, it is not entirely clear whether he means to allege that Defendants violated section 6331(d)(2) by failing to serve him with an actual copy of the Notice of Levy issued against his bank account or rather by failing to serve him with a notice of its intent to issue the Notice of Levy before doing so.  As Defendants correctly point out, section 6331(d) requires only that the IRS notify a taxpayer "in writing of his intention to make [the] levy" at least 30 days before the day of the levy.  26 U.S.C. § 6331(d)(1).  It does not require that a copy of the Notice of Levy itself be provided to the taxpayer.  *See id.*  Accordingly, to the extent Plaintiff contends that the IRS violated section 6331(d) by failing to provide him with a copy of the actual Notice of Levy, such a claim cannot succeed.

Nonetheless, cognizant of Plaintiff's *pro se* status, the Court shall give Plaintiff the benefit of the doubt and instead construe Count VI as alleging that Defendants violated section 6331(d) by failing to provide a notice of intent to levy.  Even construing Plaintiff's Complaint

in his favor, however, it is clear that Plaintiff's claim is without merit.  The undisputed facts on the present record demonstrate that the IRS issued the required notices of intent.  Specifically, Defendants direct the Court to the Certificates of Official Record (Form 4340) regarding Plaintiff's tax liability in the tax years 1994 and 1995.  Defs.' Mot. at 8 n. 2.  These Certificates of Official Record, which are attached to Defendants' motion as Exhibits B, C, D and E, indicate that the required notices of intent to levy were provided to Plaintiff.  *See id.*, Ex. B, C, D, and E.  As noted above, *see supra* n. 7, these Certificates of Official Record are "self-authenticating" and "provide a sufficient basis for summary judgment."  *Buaiz*, 521 F. Supp. 2d at 96; *see also Hines v. United States*, 658 F. Supp. 2d 139 (D.D.C. 2009) (awarding presumption of regularity to IRS records demonstrating that notices of intent to levy were sent to plaintiff).  Plaintiff has offered no facts or documentary evidence to refute the accuracy of the certified forms or to otherwise indicate that the notices of intent to levy were not provided.  As such, he has failed to defeat the Defendants' motion for summary judgment.  Accordingly, Defendants' Motion for Summary Judgment is GRANTED insofar as Defendants contend that there are no material disputes of fact and they are entitled to judgment as a matter of law with respect to Count VI of Plaintiff's Complaint.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' [7] Motion to Dismiss or in the Alternative Motion for Summary Judgment is GRANTED.  Specifically, the Court holds as follows.  <u>First</u>, Defendants' Motion to Dismiss Plaintiff's claims against the IRS is GRANTED as conceded. <u>Second</u>, Defendants' Motion to Dismiss Count I (quiet title action pursuant to 28 U.S.C. § 2410) and Count IX (APA) for lack of jurisdiction pursuant to Rule 12(b)(1) is GRANTED.

<u>Third</u>, Defendants' Motion to Dismiss Count II (failure to issue notice of deficiency in violation of §§ 6212 and 6213), Count III (failure to make assessment in violation of § 6203), Count IV (failure to make assessment in violation of § 6303), Count V (failure to release lien in violation of § 7342), Count VII (unauthorized disclosure in violation of § 6103(b)(6)), and Count VIII (failure to issue certificate of release in violation of § 6325), for failure to state a claim pursuant to Rule 12(b)(6) is GRANTED.  <u>Fourth</u> and finally, Defendants' Motion for Summary Judgment as to Count VI (failure to issue notice of levy in violation of § 6331(d)) is GRANTED.  An appropriate Order accompanies this Memorandum Opinion.

Date:   February 23, 2010

            <u>/s/</u>
            **COLLEEN KOLLAR-KOTELLY**
            United States District Judge